UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 2:04-cr-77-FTM-29DNF

MARIA ESTER ORTIZ
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's Motion For Reduction of Sentence Based on Retroactive Guideline Amendment Effective December 11, 2007 (Doc. #106) filed on March 3, 2008. Defendant through counsel filed a Response and Supplemental Memorandum Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #119) on May 19, 2008.

Defendant seeks a reduction in her sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels, and in light of Amendment 709, which made changes concerning a defendant's criminal history. Because defendant is not eligible for a reduction of her term of imprisonment under Amendment 706, and Amendment 709 has not been made retroactive, the motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

>    (c) The court may not modify a term of imprisonment once it
>    has been imposed except that -
>    . . .
>    (2) in the case of a defendant who has been sentenced to a

> term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. §

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

2

1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Defendant was sentenced on May 31, 2005 and Judgment was entered on June 1, 2005 (Docs. #71, 73).  At the original sentencing, the Court determined that defendant's Base Offense Level was 28 and her Total Offense Level was 25.  Because defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, her Total Offense Level was 34, which after a three level adjustment for acceptance of responsibility resulted in an Enhanced Offense Level of 31. Defendant's Criminal History Category was V after a one category departure pursuant to U.S.S.G. § 4A1.3, and the resulting Sentencing Guidelines range was 168 to 210 months imprisonment.  Defendant was sentenced to 189 months imprisonment.

The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced.  U.S.S.G. § 1B1.10(b)(1).  In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10(b)(1).  The application of Amendment 706 initially results in a Base Offense Level of 26, but because defendant is a career offender her Enhanced Offense Level remains 31.  With a Criminal History Category of V, defendant's

Sentencing Guidelines range remains 168 to 210 months imprisonment. Since the Sentencing Guidelines range remains the same and is not lowered, defendant is not eligible for a reduction in her term of imprisonment pursuant Amendment 706.  E.g., United States v. Tingle, 524 F.3d 839 (8th Cir. 2008); United States v. Thomas, 524 F.3d 889 (8th Cir. 2008).

As to Amendment 709, only amendments listed under § 1B1.10(c) of the Sentencing Guidelines, and having the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under 18 U.S.C. § 3582(c).  United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).  Amendment 709 is not listed in § 1B1.10(c) of the Sentencing Guidelines, and may not be utilized to reduce defendant's sentence.  Id.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant Maria Ester Ortiz's Motion For Reduction of Sentence Based on Retroactive Guideline Amendment Effective December 11, 2007 (Doc. #106) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of July, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Barclift
FPD (Geiger)
Maria Ester Ortiz
U.S. Probation
U.S. Marshal